**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ARMANDO LOPEZ LOPEZ,
Petitioner,
v.
TODD BLANCHE, ET AL.,
Respondents.

Case No. 5:26-cv-05350-AJR

**MEMORANDUM DECISION AND ORDER GRANTING PETITION**

## I.
## INTRODUCTION

On September 15, 2026, Petitioner Armando Lopez Lopez (A# 221-462-475) ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"), challenging his detention in immigration custody. (Dkt. 1 at 1-12.) On September 22, 2026, Respondents Todd Blanche, Attorney General of the United States, Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), DHS, Fereti Semaia, Warden of the Adelanto Detention Facility, and Jaime Rios, Acting Field Office Director for Immigration and Customs Enforcement ("ICE") (collectively, "Respondents") filed an Answer to the Petition (the "Answer"). (Dkt. 7.) Petitioner

had until September 25, 2026 to file a reply, but did not do so. (Dkt. 3.) The parties have consented to proceed before the undersigned U.S. Magistrate Judge for all purposes. (Dkts. 2, 8.) **For the reasons set forth below, the Court GRANTS the Petition and orders Respondents to either provide a prompt bond hearing or release Petitioner.**

## II.
## FACTUAL BACKGROUND

The following facts are taken from the Petition and the attached exhibits. (Dkt. 1.) Respondents had the opportunity to dispute these facts or provide additional facts, but declined to do so. (Dkt. 7.) Accordingly, the facts presented by Petitioner in the Petition are undisputed and conceded. See C.D. Cal. L.R 7-12.

Petitioner is a native and citizen of Mexico who has lived in the United States since approximately 1991. (Dkt. 1 at 2.) He entered the United States without inspection on or about December 1, 1991. (Id. at 6.) He has resided in the United States for decades and established longstanding family, residential, employment, and community ties in Southern California. (Id.) Petitioner is the beneficiary of an approved Form I-130 with a priority date of December 23, 1994. (Id. at 7.) He intends to pursue adjustment of status under 8 U.S.C. § 1255(i), subject to adjudication of his statutory eligibility. (Id.)

Immigration authorities apprehended Petitioner on June 5, 2026, in San Bernardino, California, while he was traveling to work. (Id. at 6.) Petitioner was not apprehended at or near the border, at a port of entry, or while seeking admission into the United States. (Id.) He was apprehended in the interior of the United States. (Id.) Petitioner was later confined at the Adelanto ICE Processing Center. (Id. at 7.) ICE continued Petitioner's detention without setting a bond that he could post. (Id.) Petitioner then requested a custody redetermination by the Immigration Court. (Id.) On July 23, 2026, the Immigration Judge concluded that the court lacked authority to

conduct a bond hearing by relying on the Matter of Yajure Hurtado. (Id.) Petitioner timely appealed that order to the Board of Immigration Appeals ("BIA"). (Id.) The appeal is still pending. (Id.)

## III.
## SUMMARY OF PETITIONER'S CLAIMS

Petitioner's first claim for relief is that his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), and he is therefore entitled to a bond hearing. (Dkt. 1 at 12.) Petitioner's second claim for relief is that his continued detention without a bond hearing violates due process. (Id. at 13.) Petitioner seeks a declaration that his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). (Id. at 14.) Petitioner further seeks an order that Respondents provide a bond hearing within seven days before an Immigration Judge with authority to determine whether Petitioner warrants release on bond or conditional parole. (Id.) Finally, Petitioner seeks an award of reasonable attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). (Id.)

## IV.
## LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. There is no question that these protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth

Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights." Regino, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302

(1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted). To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest." Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted). With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

## V.

## ANALYSIS

As an initial matter, Respondents concede that the Ninth Circuit has now resolved Petitioner's request for a bond hearing in his favor by holding that 8 U.S.C. § 1225(b) only applies to unadmitted aliens entering the United States at the border and that aliens present without admission in the interior of the country, such as Petitioner, are subject to 8 U.S.C. § 1226. (Dkt. 7 at 2); see Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1193 (9th Cir. 2026). Pursuant to Rodriguez Vazquez, it is clear that Petitioner should have been provided a bond hearing and that holding him in immigration custody without a bond hearing has violated both his statutory and due process rights. Accordingly, the Court will order the bond hearing that both sides agree he is entitled to.

The Court now turns to the appropriate legal standard that will govern the bond hearing. To determine the appropriate legal standard, it is necessary to analyze Petitioner's liberty interest in remaining out of custody. As set forth above, it is

undisputed that Petitioner entered the United States without inspection on or about December 1, 1991. (Dkt. 1 at 6.) It is further undisputed that Petitioner has resided in the United States for decades and established longstanding family, residential, employment, and community ties in Southern California. (Id.) Additionally, Petitioner is the beneficiary of an approved Form I-130 with a priority date of December 23, 2994. (Id. at 7.) Thus, the Court concludes that Petitioner developed a substantial liberty interest in remaining out of custody based on living in the United States since arriving here in early 1991. See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

When balancing the Matthews factors in light of Petitioner's liberty interest in remaining out of custody, the Court concludes that due process requires the Government to bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)), appeal dismissed

sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020); Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").[1] Accordingly, the Court will direct Respondents to bear the burden of proof consistent with the foregoing standard required to satisfy due process.

Finally, the Court notes that Petitioner also requested an award of reasonable attorneys' fees under the EAJA. (Dkt. 1 at 14.) The Court will consider an application under the EAJA that is filed within 30 days of entry of final judgment in this action. See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

## VI.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Petition as follows. The Court declares that Petitioner Armando Lopez Lopez's (A# 221-462-475) ("Petitioner") detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). Respondents shall either provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven (7) days or release Petitioner if such hearing is not timely provided. At the bond hearing, the Government must bear the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions

---

[1] The risk of erroneous deprivation is high because Petitioner has not received any bond hearing and the Government's interest in detaining Petitioner without a bond hearing is very low because a bond hearing is routine and can be easily provided. See Carballo, 2025 WL 2381464, at *7-8.

could reasonably assure Petitioner's future appearance and/or the safety of the community. The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard. Respondents must provide adequate notice to Petitioner and his counsel so that counsel can be present and prepared for the bond hearing. If Petitioner or his counsel would like more time to prepare before the bond hearing occurs, Respondents shall permit the extra time and may provide the bond hearing after the 7-day deadline if the delay is at the request of Petitioner or his counsel. Respondents shall file a notice of compliance no later than **three days after the bond hearing occurs**.

IT IS SO ORDERED.

DATED: September 29, 2026

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE